UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN A. SPANGLER, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-02372-JMS-MPB |
| WARDEN, Plainfield Correctional Facility, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

On July 12, 2017, petitioner Steven A. Spangler, an Indiana inmate, sought a writ of habeas corpus to vacate disciplinary sanctions imposed on him in a prison disciplinary rehearing, case number IYC 16-10-0137. Respondent was directed to show cause why a writ should not issue. A show cause return was filed September 7, 2017. As a threshold matter, respondent contends that petitioner did not exhaust his administrative remedies as to any claim he brings in this habeas action. He has not filed a motion to dismiss. The return addresses a single issue – whether petitioner was denied due process by not being given access to all of the evidence used against him. The Court finds that petitioner exhausted his administrative remedies as to the two issues he raises in his petition – the due process issue identified by respondent and an insufficient evidence issue – but nevertheless holds that petitioner is not entitled to habeas corpus relief.

**I. Fact and Procedural Background**

Petitioner Steven Spangler was charged with attempted trafficking after IDOC Investigator S. Puckett was monitoring phone calls and heard a conversation between Mr. Spangler and another person that he thought was suspicious. He listened to other phone calls from Spangler. Puckett then wrote the following conduct report:

> On 10/4/2016 while monitoring GTL phone calls I S. Puckett found that offender Spangler 249996 was talking to a person about bringing in a package to a visit. Phone calls from June 2016 through September 30, 2016 talk in code about bringing in contraband and making money. The following are just a sample of some of the calls that were made. In a call on 6/6/2016 Spangler stated that he is having "25" (strips) brought to her. In a call from 6/6/2016 Spangler stated that "you know that 317-3 whatever it was . . . I need you to do that." The caller then stated "I can't stand this code shit." On 10/1/2016 (13-14) his caller is on the way to the facility for a visit and she stated I can't bring the "20" to the visit cause I won't have it till after the visit. In another call on 10/1/2016 at 20:11 he stated "I got to make moves in here [s]o I can't dictate when the dude is going to walk up to me and say can I get that "3 for 75". In the same call he tells her to stop at Walgreens before she comes to the visit and tells her in code to "get that" so he can have something to puff on." There are several other calls that can be referenced in the investigations office.

Dkt. 8 (citing dkt. 8-1).

Following the rehearing on March 27, 2016, Spangler was convicted of attempted trafficking based on this conduct report. Before the rehearing Spangler had requested the call logs and audio evidence and was provided with the logs and transcript summaries of the three phone calls specifically identified in Puckett's conduct report. The rehearing officer listened to those three calls, considered the conduct report and Spangler's arguments, and found Spangler guilty of the charge and imposed grievous sanctions.

Spangler appealed to the head of the facility. Spangler contended that he had requested the call logs and audio recordings for "four" dates listed in the conduct report but that he had received transcripts of only three calls. He then asserted that nothing in the transcripts he reviewed revealed an instruction for anybody to bring contraband to him or to the facility. Dkt. 1-1, p. 13 (Disciplinary Hearing Appeal). His appeal to the head of the facility was denied.

An appeal was then made to the Final Reviewing Authority. It was in the form of a letter, but the appeal review officer, J. Lyttle, considered the merits presented in the letter. Spangler complained that the hearing officer and appeals officer continued to violate his due process rights,

specifically by providing him with only some of the telephone call transcripts out "of the many listed" and that none of the transcripts show that he directed anyone to attempt to bring any contraband into the facility. Dkt. 8-9, pp. 1-2. These are the same two issues Spangler appealed to head of facility. Spangler thus complied with administrative appeal requirements. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) (prisoner appellant must provide a reasonable prison official with *sufficient notice* of his claim so that the official has an opportunity to correct any problem).

Lyttle denied the final appeal, writing that there was no procedural or due process error and the evidence was sufficient. Dkt. 8-10, p. 1 (Denial of Appeal letter). These are the same issues presented in Spangler's habeas corpus petition. Therefore, respondent's contention that petitioner did not exhaust his administrative remedies is without merit.

The Court now turns to the merits of Spangler's two habeas corpus issues.

**II. Legal Standards**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679).

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

## III. Discussion

A. Lack of Access to Evidence

For his rehearing, Spangler requested the audio recordings and call logs referenced in the conduct report. He complains in his petition that he was only given four recordings out of many that were referenced, and contends this violated his rights to due process.[1] The conduct report, the relevant portion of which was quoted above, identifies just three phone calls but infers that more were listened to. Of the three calls referenced in the conduct report, Spangler agrees they were provided to him for his review, and there is no dispute as to the contents of the calls.

Spangler does not point to or identify any exculpatory evidence contained in the three calls, but argues instead that because he was not provided all of the phone call recordings or transcripts listened to by prison officials, he has been denied due process. He does not specify what the other calls would have shown – or how they were exculpatory – other than his general contention that nowhere in the phone calls does he ask anyone to traffic contraband.

This is where Spangler's contention fails. The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). Spangler has only generally asserted that the phone call recordings not provided to him would have been exculpatory, but does not in any material way say why or how. Generalized and vague arguments in this context does not support habeas corpus relief.

Spangler was not denied due process of law when prison officials supplied him with only the phone call transcripts and summaries of the phone calls specified in the conduct report and

---

[1] Spangler's petition and administrative appeal documents differ on whether he received three or four transcript summaries of the telephone call recordings. The number is not material, however, in light of the disposition of the due process and sufficiency of the evidence issues.

5

denied his request for others. He did not specify or explain how the other calls were exculpatory. This claim is **denied**.

  B.  Insufficient Evidence

The Court has reviewed the audio recordings, submitted on a CD in an *ex parte* filing, dkt. 10, of the three phone calls considered by the prison disciplinary hearing officer and finds no exculpatory evidence. The Court agrees with petitioner that nowhere in the recordings does he explictly tell the person he is speaking with to traffic contraband, or to bring him any contraband to the prison, or to do anything overtly improper. But the import of the conversations, in which the specific action being discussed is avoided, the use of "code" is discussed, and at one point the action is even categorized as something that cannot be discussed by telephone (and Spangler said he would call back later from another number), is sufficient evidence, under *Hill*, 472 U.S. at 455-56, to satisfy the "some evidence" constitutional standard.

Because there is some evidence in the record to support the hearing officer's decision, this claim is **denied**.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was sufficient evidence of Steven Spangler's guilt and because there was no denial of due process, the petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED**.

Date: 11/21/2017

*Hon. Jane Magnus-Stinson, Chief Judge*
United States District Court
Southern District of Indiana

Distribution:

Steven A. Spangler
249996
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov